IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JASON CORBETT ENGLISH, ET AL., | ) ) ) | CIV. NO. 13-00034 LEK-BMK |
| Plaintiffs, | ) ) | FINDINGS AND RECOMMENDATION TO GRANT DEFENDANTS' PETITION FOR DETERMINATION THAT SETTLEMENT IS IN GOOD FAITH |
| vs. | ) ) ) | |
| ARMY HAWAII FAMILY HOUSING LLC, ET AL., | ) ) ) | |
| Defendants. | ) ) | |

FINDINGS AND RECOMMENDATION TO GRANT DEFENDANTS' PETITION FOR DETERMINATION THAT SETTLEMENT IS IN GOOD FAITH

Before the Court is Defendants Army Hawaii Family Housing, LLC, Actus Lend Lease LLC, Island Palm Communities LLC, and Robert Rodney's Petition for Determination That Settlement is in Good Faith (Doc. 139). After careful consideration of the Motion and considering the Court's direct involvement with the settlement at issue, the Court finds and recommends that the Petition be GRANTED.

Under Hawaii law, "any party shall petition the court for a hearing on the issue of good faith of a settlement entered into by the plaintiff . . . and one or more alleged tortfeasors or co-obligors." Haw. Rev. Stat. § 663-15.5(b). "A nonsettling alleged joint tortfeasor or co-obligor asserting a lack of good faith shall

have the burden of proof on that issue." Haw. Rev. Stat. § 663-15.5(b).

In <u>Troyer v. Adams</u>, 102 Haw. 399, 77 P.2d 83 (2003), the Hawaii Supreme Court adopted a "totality of the circumstances" approach for determining whether a settlement was made in good faith under Haw. Rev. Stat. § 663-15.5. The court noted that the statute's legislative intent focused more on "encouraging settlements than ensuring the equitable apportionment of liability." <u>Troyer</u>, 102 Haw. at 426, 77 P.2d at 110. The court held that, in determining whether a settlement was made in good faith,

> the trial court may consider the following factors to the extent that they are known at the time of settlement: (1) the type of case and difficulty of proof at trial, e.g., rear-end motor vehicle collision, medical malpractice, product liability, etc.; (2) the realistic approximation of total damages that the plaintiff seeks; (3) the strength of the plaintiff's claim and the realistic likelihood of his or her success at trial; (4) the predicted expense of litigation; (5) the relative degree of fault of the settling tortfeasors; (6) the amount of consideration paid to settle the claims; (7) the insurance policy limits and solvency of the joint tortfeasors; (8) the relationship among the parties and whether it is conducive to collusion or wrongful conduct; and (9) any other evidence that the settlement is aimed at injuring the interests of a non-settling tortfeasor or motivated by other wrongful purpose.

102 Haw. at 427, 77 P.2d at 111. These factors are not exclusive, and trial courts may consider any other relevant factor. <u>Id.</u>

The burden of proof is on Defendant MI Windows and Doors, Inc. nka

MI Windows and Doors, LLC to establish that the settlements were not made in good faith.  Haw. Rev. Stat. § 663-15.5(b).   However, this Defendant filed a Statement of No Opposition to the present Petition.   Additionally, the Court was intimately involved in this settlement, is aware of the details of the settlement, and finds that the Troyer factors are satisfied in this case.   The Court therefore finds that the settlement at issue was entered into in good faith and recommends that the Petition for Determination That Settlement is in Good Faith be GRANTED.

## CONCLUSION

For the foregoing reasons, the Court the Court finds and recommends that Defendants' Petition for Determination That Settlement is in Good Faith (Doc. 139) be GRANTED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 21, 2015.



   /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

English v. Army Hawaii Family Housing LLC, et al., CIV. NO. 13-00034 LEK-BMK, FINDINGS AND RECOMMENDATION TO GRANT DEFENDANTS' PETITION FOR DETERMINATION THAT SETTLEMENT IS IN GOOD FAITH.